UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER A. KRAEGER,

    Plaintiff,

  v.           Case No. 24-CV-883

WAUPACA COUNTY, et al.,

    Defendants.

# ORDER

Before the court is plaintiff Peter A. Kraeger's Motion to Certify Appeal as Frivolous, filed on April 12, 2025. (ECF No. 34.) Kraeger seeks an order certifying as frivolous defendants Timothy R. Wilz, Carl Artz, and Julie Thobaben's appeal of the portions of this court's ruling on their motion to dismiss (ECF No. 26) relating to qualified immunity.

## 1. BACKGROUND AND PROCEDURAL HISTORY

This is a suit filed under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Wisconsin, Green Bay Division. Plaintiff Peter A. Kraeger, a former Detective Sergeant with the Waupaca County Sheriff's Department, alleges that defendants Waupaca County, Sheriff Timothy R. Wilz, Chief Deputy Carl Artz, and Detective Captain Julie Thobaben retaliated against him for exercising his First Amendment rights. Kraeger's claims, as detailed in his First Amended Complaint

(ECF No. 20), stem from alleged retaliation in response to three protected acts: (1) his September 1, 2020 disclosure to Chief Deputy Carl Artz ("Claim I"); (2) disclosures to the District Attorney made by other deputies, in part, on Kraeger's behalf ("Claim II"); and (3) his February 2022 testimony in the *Klotzbuecher* case ("Claim III").

On November 18, 2024, the defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The defendants' motion included an argument that the claims against the individual defendants should be dismissed because of their qualified immunity. (ECF No. 21, at 1.) On March 21, 2025, the court issued its decision granting the motion to dismiss Claim I, and denying the motion for Claims II and III, determining that Wilz, Artz, and Thobaben's qualified immunity defense required further factual development as supported by *Reed v. Palmer*, 906 F.3d 540, 549–51 (7th Cir. 2018). (ECF No. 26, at 6–13.) On April 4, 2025, Wilz, Artz, and Thobaben filed a notice of interlocutory appeal, challenging the denial of qualified immunity for Claims II and III. (ECF No. 28.) On April 7, 2025, the court stayed the proceedings pending the appeal. (ECF No. 30.)

## 2. LEGAL STANDARD

The filing of a notice of appeal generally divests the district court of jurisdiction over the aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989). Interlocutory appeals of a denial of qualified immunity will typically result in a stay of all proceedings in the district court because proceeding to trial would destroy the rights created by the immunity. *Est. of Heenan ex rel. Heenan v. City of Madison*,

No. 13-CV-606-WMC, 2015 WL 3539613, at *1 (W.D. Wis. June 5, 2015); *see also* § 3914.10.8 Orders Prior to Trial—Immunity Appeals—Trial Court Action Pending Appeal, 15A Fed. Prac. & Proc. Juris. § 3914.10.8 (3d ed.) ("Since an immunity appeal is allowed in order to protect against the burdens of trial, ordinarily the district court should not proceed to trial, nor even impose substantial pretrial burdens, pending appeal.").

To prevent litigants from using an interlocutory appeal to manipulate the court and game their proceeding, the Seventh Circuit Court of Appeals recognizes a district court's power to certify an appeal as frivolous and continue the proceeding with the appeal pending. *Apostol*, 870 F.2d at 1339. This includes interlocutory appeals related to sham claims of immunity. *Id.* However, district courts should act with restraint when exercising their power to certify the frivolity of an appeal. *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1030 (7th Cir. 1992).

### 3. ANALYSIS

While the court recognizes that Wilz, Artz, and Thobaben's appeal will ultimately delay resolution of the case, it does not rise to the point of being so "unfounded, baseless, or thin" as to constitute a sham or to evince bad faith. *Est. of Smith v. City of Milwaukee*, No. 17-C-862, 2019 WL 13241043, at *1 (E.D. Wis. Dec. 19, 2019). There is a colorable basis for Wilz, Artz, and Thobaben to assert qualified immunity, *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) ("Qualified immunity shields an officer."), the denial of which is subject to interlocutory appeal, *Apostol*, 870 F.2d at 1339. It is not as though the appeal is based upon some wholly alien and

3

unjustifiable legal defense. While the court's previous decision was based, in part, upon a finding regarding the sufficiency of evidence and the Seventh Circuit lacks jurisdiction to conduct an interlocutory review of the sufficiency of evidence, *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013), such a ruling does not render any interlocutory appeal of said order frivolous, *see Hurt v. Vantlin*, 2017 WL 1709499, at *2 (S.D. Ind. May 3, 2017) (declining request to certify an appeal as frivolous even where material issues of fact were recognized). Wilz, Artz, and Thobaben have stated that no portion of their appeal will be based upon factual disputes. (ECF No. 35, at 2, 5.) With no indication of gamesmanship in play and with the Seventh Circuit's admonishment to exercise restraint in mind, the plaintiff's motion is denied. Consequently, the stay will remain in place until resolution of the appeal.

**IT IS THEREFORE ORDERED** that plaintiff Peter A. Kraeger's Motion to Certify Appeal as Frivolous (ECF No. 34) is **DENIED**.

Dated at Green Bay, Wisconsin this 11th day of June, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
